**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LAUREN VOLLMER, on behalf of** | : | |
| **herself and others similarly situated** | : | |
| Plaintiff | : | |
| | : | **CIVIL ACTION NO.** |
| v. | : | |
| | : | |
| **JOSEPH L. MESSA, JR. & ASSOCIATES** | : | **JURY TRIAL DEMANDED** |
| **and** | : | |
| **MESSA & ASSOCIATES, P.C.** | : | |
| Defendant | : | |

## COMPLAINT

## I.      INTRODUCTION

1. Plaintiff, Lauren Vollmer (Vollmer), on behalf of herself and similarly situated current and former employees of Defendants, Joseph L. Messa, Jr. & Associates and Messa & Associates, P.C. (collectively Messa), is suing Messa under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq.*, the Pennsylvania Minimum Wage Act (PaMWA), 43 P.S. §333.101, *et seq.*, the Pennsylvania Wage Payment and Collection Law (PaWPCL), 43 P.S. § 260.1, *et seq.* and for unjust enrichment. Vollmer is also suing Messa for retaliatory discharge under the FLSA, 29 U.S.C. § 215(a)(3). Vollmer seeks all relief against Messa that she and her similarly situated current and former Messa employees are entitled to, including an order permitting this case to proceed as a collective action under the FLSA and as a class action under the PaMWA, prompt notice to all potential collective and class action members, unpaid overtime/wages, liquidated damages, interest, attorney's fees and costs, and such other relief as the Court shall deem proper. For her wrongful discharge claim, Vollmer seeks all relief against Messa that she

is entitled to under the FLSA, including compensatory and punitive damages, back and front pay, and attorney's fees and costs.

## II.  JURISDICTION AND VENUE

2. This Court has jurisdiction over Vollmer's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b). This Court has jurisdiction over Vollmer's state law claims pursuant to 28 U.S.C. § 1367(a).

3. This lawsuit properly lies in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b) because the claims arose in this judicial district.

## III.  PARTIES

4. Vollmer resides in Philadelphia, PA.

5. Messa is a personal injury law firm with offices located in Philadelphia, PA. Messa's attorneys represent injured individuals and their families in cases involving medical malpractice, product liability, catastrophic injury, motor vehicle accidents, brain injury, birth injury, and burns, fires, and explosions. Messa has approximately 25 employees, including approximately 15 attorneys and approximately 10 staff. The staff includes legal secretaries/assistants, paralegals, runners/mail clerks, file/scan clerks and a receptionist.

6. Messa is an employer engaged in interstate commerce or in the production of goods for commerce. Messa has gross operating revenues exceeding $500,000 (exclusive of excise taxes at the retail level which are separately stated). Messa is an employer covered by the FLSA, PaMWA, and PaWPCL.

IV.    **FACTUAL BACKGROUND**

A.    **FLSA, PaMWA and PaWPCL group claims for unpaid overtime**

7. Vollmer worked as a legal secretary/assistant and paralegal for Messa from approximately February 19, 2014 through March 14, 2015.

8. For 2014, Messa paid Vollmer a salary of $44,000/year and starting on January 1, 2015, Messa paid Vollmer a salary of $45,000/year.

9. Messa's Office Manual provides the following:

   a. All employees are required to be at their desks working from 8:30am – 5:30pm with a one hour lunch permitted.
   b. Lateness in the morning or returning from lunch will result in the employee being docked pay in ½ hour intervals for every 15 minutes or more of lateness.
   c. All staff are required to use their ID log in and log out any time they enter or leave the building and any time they are taking a lunch or other break even if in the office.
   d. Unless an employee is working at her desk through lunch, she must clock out even if she is taking her lunch in the office.
   e. All employee overtime must be approved in advance by the Managing Partner, Joseph L. Messa, Jr. and/or Rosann Gomez, the Office Manager.
   f. Overtime hours are defined as hours requested and approved in advance by the Managing Partner and/or Office Manager when requested to stay late or to come in on the weekend.
   g. No overtime is earned until after 80 hours of work in a two week pay period excluding lunch, smoke, coffee or other breaks.
   h. After 80 hours of actual work in a given two week pay period, staff are entitled to overtime pay at 1 ½ times their base pay rate for each full hour worked.

10. Throughout Vollmer's employment at Messa, she regularly worked more than 40 hours each week. Vollmer regularly worked at least 5-10 hours/week in excess of 40 hours/week.

11. Messa did not pay Vollmer any compensation, including overtime compensation, for any of the hours she worked in excess of 40 hours each work week with the exception of being paid overtime for work she performed on several Saturdays only.

12. Upon information and belief, Vollmer's similarly situated legal assistants/secretaries and paralegals regularly worked and work at least 5-10 hours/week in excess of 40 hours/week. Upon information and belief, Messa does not pay and continues to not pay Vollmer's similarly situated legal assistants/secretaries and paralegals any compensation, including overtime compensation, for any of the hours they worked in excess of 40 hours each work week.

13. Upon information and belief, Messa has maintained these improper pay practices for at least the past three years and likely farther in the past than that.

14. Messa willfully violated and is willfully violating the FLSA, PaMWA and PaWPCL by failing to pay its non-exempt legal assistants/secretaries and paralegals any compensation, including overtime compensation, for hours they worked in excess of 40 hours/week and by maintaining firm policies that violate the FLSA, PaMWA and PaWPCL.

15. Vollmer brings this lawsuit pursuant to 29 U.S.C. §216(b) as a collective action on behalf of all Messa legal assistants/secretaries and paralegals who, during any workweek since December 30, 2012, worked more than 40 hours and were not properly paid by Messa.

16. Vollmer also brings this lawsuit as a class action pursuant to the PaMWA and the PaWPCL and Pa.R.Civ.P. 1701, *et seq*. on behalf of all Messa legal

assistants/secretaries and paralegals who, during any workweek since December 30, 2012, worked more than 40 hours and were not properly paid by Messa.

17. Vollmer and other members of the collective and class are 'similarly situated' because Messa subjected them all to the common employment practices summarized above and because resolution of the unpaid overtime and compensation claims requires discovery of many common facts, including Messa's compensation, timekeeping and payroll practices.

18. Upon information and belief, more than ten individuals have been employed by Messa, including Vollmer, as legal assistants/secretaries and paralegals in the last three years and have been wrongfully denied compensation and overtime compensation as stated above.

19. Vollmer seeks certification of a class that shall include all persons who were employed as legal assistants/secretaries and paralegals for the three year period prior to the date this Complaint was filed until the date of entry of judgment in this case.

20. There are questions of law and fact common to this class, including Messa's liability to Vollmer and her potential collective and class mates under the legal theories set forth above.

21. As the named Plaintiff, Vollmer's claims are typical of the collective and class because Messa improperly paid all of its legal assistants/secretaries and paralegals.

22. Vollmer will fairly and adequately protect the interests of the collective and class. Through her counsel, she has adequate resources to prosecute this litigation as her counsel will advance all reasonable costs to prosecute this case. Additionally, Vollmer's counsel is experienced in wage and hour matters.

23. A collective and class action will provide a fair and efficient method for adjudication of this controversy because:

   a.   Common questions of law and fact predominate over questions affecting only individual members.

   b.   The prosecution of separate actions by individual members of the class would create a risk of inconsistent adjudications and outcomes and which could substantially impair or impede other members of the proposed collective and class to protect their interests.

   c.   The amounts in controversy are such that pooling the claims in a collective and class action is an efficient and less costly method of prosecuting such claims.

   d.   The complexity of the issues and the expenses of litigation arising from separate claims of individual class members strongly favor class action as a more efficient and fair method for adjudication of the class claims.

   **B.**   **Vollmer's retaliatory discharge claim**

24. In approximately the end of 2014, Vollmer asked her supervising attorney, Richard J. Heleniak (Heleniak), about being paid overtime. She was regularly working well past 5pm during the week and was working on the weekends. Heleniak told Vollmer he would look into it. He then told her that she could use the time she worked in excess of 40 hours/week as comp time, however Messa did not actually provide her any comp time.

25. On approximately March 13, 2015, Vollmer left work early to go to the hospital. She was under a lot of pressure and stress due to working long hours and not getting properly paid for those long hours.

26. Approximately one day later, Messa management committee member and attorney Lee D. Rosenfeld (Rosenfeld) emailed the entire Messa firm to announce that Vollmer had left the firm. Later that day, Rosenfeld called Vollmer and told her she was terminated due to misconduct.

27. Several weeks later, Vollmer learned that the alleged misconduct Messa terminated her for was private messages she had exchanged on Facebook with former Messa legal assistants/secretaries and paralegals in which they complained about the horrible work conditions at Messa, including unfair and illegal pay practices related to compensation generally and overtime specifically.

28. Messa wrongfully discharged Vollmer because of her Facebook complaints regarding Messa's illegal compensation and overtime practices.

**V.    CLAIMS**

**COUNT I – FLSA**

29. Paragraphs 1-28 are incorporated by reference as if fully set forth herein.

30. The FLSA requires employers such as Messa to pay employees overtime compensation of 'not less than one and one-half times' their regular rate of pay for all hours worked over 40 in a work week. 29 U.S.C. §207(a)(1).

31. Messa violated the FLSA by failing to pay Messa legal assistants/secretaries and paralegals (including Vollmer) any compensation, including time and a half overtime compensation, for all hours worked in excess of 40 hours/week.

32. Messa violated the FLSA by maintaining illegal policies and practices, including determining overtime based on an 80 hour two week period instead of a 40 hour one week period, stating only previously approved overtime would be paid and improperly docking employees' compensation for lateness or breaks.

WHEREFORE, Vollmer seeks the following relief: 1) an order permitting this lawsuit to proceed as a collective action; 2) prompt notice of this lawsuit be given to all potential collective members; 3) unpaid compensation damages; 4) liquidated damages; 5) interest; 6) litigation costs including attorney's fees and expenses; and 7) such other relief as the Court shall deem proper.

### COUNT II – PaMWA

33. Paragraphs 1-28 are incorporated by reference as if fully set forth herein.

34. The PaMWA requires employers such as Messa to pay employees overtime compensation of 'not less than one and one-half times' their regular rate of pay for all hours worked over 40 in a work week. 43 P.S. §333.104(c).

35. Messa violated the PaMWA by failing to pay Messa legal assistants/secretaries and paralegals (including Vollmer) any compensation, including time and a half overtime compensation, for all hours worked in excess of 40 hours/week.

36. Messa violated the PaMWA by maintaining illegal policies and practices, including determining overtime based on an 80 hour two week period instead of a 40 hour one week period, stating only previously approved overtime would be paid and improperly docking employees' compensation for lateness or breaks.

WHEREFORE, Vollmer seeks the following relief: 1) an order permitting this lawsuit to proceed as a class action; 2) prompt notice of this lawsuit be given to all

potential class members; 3) unpaid compensation damages; 4) interest; 5) litigation costs including attorney's fees and expenses; and 6) such other relief as the Court shall deem proper.

## COUNT III – PaWPCL

37. Paragraphs 1-28 are incorporated by reference as if fully set forth herein.

38. The unpaid compensation Messa failed to pay Vollmer and other Messa legal assistants/secretaries and paralegals is considered wages under the PaWPCL.

39. Messa violated the PaWPCL by failing to pay Messa legal assistants/secretaries and paralegals (including Vollmer) any compensation, including time and a half overtime compensation, for all hours worked in excess of 40 hours/week.

WHEREFORE, Vollmer seeks the following relief: 1) an order permitting this lawsuit to proceed as a class action; 2) prompt notice of this lawsuit be given to all potential class members; 3) unpaid compensation damages; 4) liquidated damages; 5) interest; 6) litigation costs including attorney's fees and expenses; and 7) such other relief as the Court shall deem proper.

## COUNT IV – UNJUST ENRICHMENT

40. Paragraphs 1-28 are incorporated by reference as if fully set forth herein.

41. At all times relevant to this Complaint, Messa by its policies and practices, benefited from, and increased its profits by failing to pay wages earned and due to Vollmer and her similarly situated legal assistants/secretaries and paralegals at a rate not less than 1 ½ times the regular rate of pay for all work performed in excess of 40 hours in a work week.

42. Messa accepted and received the benefits of the work performed by Vollmer and her similarly situated legal assistants/secretaries and paralegals without compensating them for said work. The profits of Messa were unjustly enriched at the expense of Vollmer and her similarly situated legal assistants/secretaries and paralegals.

WHEREFORE, Vollmer seeks judgment for Messa's unjust enrichment in an amount equal to the benefits unjustly retained by Messa, plus interest on these amounts.

## COUNT V – FLSA RETALIATORY DISCHARGE

43. Paragraphs 1-28 are incorporated by reference as if fully set forth herein.

44. Vollmer engaged in the protected activity of complaining about payment of overtime, she was terminated following her protected activity and Messa terminated her because of her protected activity.

45.  The alleged legitimate non-retaliatory reasons Messa gave to Vollmer for her termination are pretextual. Messa's retaliatory discharge of Vollmer violates 29 U.S.C. §215(a)(3) and the public policy embodied in the FLSA.

WHEREFORE, Vollmer seeks the following relief: 1) back pay and back benefits; 2) front pay and front benefits; 3) compensatory damages; 4) liquidated/punitive damages; 5) interest; 6) litigation costs including attorney's fees and expenses; and 7) such other relief as the Court shall deem proper.

Respectfully submitted,                              Respectfully submitted,

By:   SMP2861                                        By:   JC3646
     Scott M. Pollins                               Jeffrey Campolongo
     Pa. Atty. Id. No. 76334                        Pa. Atty. Id. No. 82608
     800 Westdale Avenue                            50 Monument Rd., Ste. 101
     Swarthmore, PA 19081-2311                      Bala Cynwyd, PA 19004
     (610) 896-9909 (phone)                         (484) 434-8930 (phone)
     (610) 896-9910 (fax)                           (484) 434-8931 (fax)
     scott@pollinslaw.com (email)                   jcamp@jcamplaw.com (email)

Date:   1/4/16        Attorneys for Plaintiff, Lauren Vollmer